DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
CONRAD K. CHIU (CC - 6346)
Attorneys for The Fifth Third Leasing Company

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ALLSERVE SYSTEMS CORP.,<br><br>       Debtor. | Chapter 7<br><br>Case No. 05-60401 (MBK)<br><br>Honorable Michael B. Kaplan |
| CHARLES A. STANZIALE, in his capacity as Chapter 7 Trustee of Allserve Systems Corp.,<br><br>       Plaintiff,<br><br>v.<br><br>THE FIFTH THIRD LEASING COMPANY, a/k/a FIFTH THIRD BANK, a/k/a FIFTH THIRD BANCORP, a/k/a FIFTH THIRD FINANCIAL CORPORATION,<br><br>       Defendant. | Adv. Pro. No. 07-2502 (RTL)<br><br>Honorable Raymond T. Lyons, Jr.<br><br>Hearing Date:  June 8, 2009 at 10:00 A.M.<br><br>Oral Argument Requested |

## THE FIFTH THIRD LEASING COMPANY'S REPLY IN FURTHER SUPPORT OF THE LESSOR DEFENDANTS' JOINT MOTION TO DISMISS THE FRAUDULENT TRANSFER COUNTS OF CERTAIN ADVERSARY COMPLAINTS OF CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE

## TABLE OF CONTENTS

**PAGE**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     THE 12(b)(6) JOINT MOTION TO DISMISS SHOULD NOT BE
        CONVERTED TO A RULE 56 MOTION FOR SUMMARY JUDGMENT
        BECAUSE THE LEASE DOCUMENTS ARE REFERRED TO IN THE
        TRUSTEE'S COMPLAINTS AND FORM THE BASIS FOR THE TRUSTEE'S
        FRAUDULENT TRANSFER COUNTS ...........................................................3

III.    PONZI SCHEME .........................................................................................5

        A.    The Complaint Should Be Dismissed Because The Trustee Did Not
              Assert Any Ponzi Scheme Allegations In The Complaint Against Fifth
              Third ................................................................................................5

        B.    The Trustee Has Failed To Raise Or Plead A Ponzi Scheme Theory In
              Any Of The Complaints .....................................................................6

        C.    The Trustee Cannot Introduce His Ponzi Scheme Theory For The First
              Time In The Response ........................................................................7

IV.     FAILURE TO PLEAD FRAUD WITH PARTICULARITY ............................8

        A.    The Trustee Has Failed To Plead Intentional And Constructive Fraud
              With Particularity ..............................................................................8

              1.    The Trustee Has Failed To Allege Any Facts In The Complaint
                    Sufficient To Support A Claim For Intentional Fraud .............12

              2.    The Trustee Has Failed To Allege Any Facts In The Complaint
                    Sufficient To Support A Claim For Constructive Fraud ..........13

        B.    Even Under A Liberal Pleading Standard, The Trustee Has Still Failed To
              Plead The Fraudulent Transfer Counts With Particularity ..................16

V.      CONCLUSION ..........................................................................................19

## TABLE OF AUTHORITIES

**Cases**

*2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave., Inc.)*,
223 B.R. 440 (Bankr. D.N.J. 1998) ................................................................................. 3

*In re APF Co.*, 274 B.R. 634 (Bankr. D. Del. 2001) .................................................... 19

*In re Air Cargo*, No. 04-37512-JS, 2008 WL 352619 (Bankr. D. Md. Feb. 7, 2008) ................. 14

*Angstadt v. Midd-West School Dist.*, 377 F.3d 338 (3d Cir. 2004) .................................. 3

*In re AstroPower Liquidating Trust*, 335 B.R. 309 (Bankr. D. Del. 2005) ...................... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 12

*Birnberg v. Rancho La Costa, Inc. (In re Reach McClinton & Co., Inc.)*, 62 B.R. 978
(Bankr. D. N.J. 1986) ................................................................................................ 19

*Bucci v. Wachovia Bank, N.A.*, No. 08-1478, 2008 U.S. Dist. LEXIS 104346 (E.D. Pa.
Dec. 23, 2008) ........................................................................................................... 13

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ................... 4, 8

*Cal. Pub. Employees' Retirement Sys. v. CHUBB Corp.*, 394 F.3d 126 (3d Cir. 2004) ................. 8

*In re Canyon Systems Corp.*, 343 B.R. 615 (Bankr. S.D. Ohio 2006) ........................... 12

*In re Circle Y*, 354 B.R. 349 (Bankr. D. Del. 2006) ................................................. 8, 16

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ............................. 3

*Cruz v. Beto*, 405 U.S. 319, 31 L. Ed. 2d 263, 92 S. Ct. 1079 (1972) ............................ 6

*Drenis v. Haligiannis*, 452 F. Supp. 2d 418 (S.D.N.Y. 2006) ...................................... 12

*Forman v. Jeffrey Matthews Fin. Group, LLC (In re Halpert & Co., Inc.)*, 254 B.R. 104
(Bankr. D.N.J. 1999) .................................................................................................. 13

*Hand v. Centex Home Equity*, No. 02-8625, 2003 U.S. Dist. LEXIS 16151 (E.D. Pa.
Feb. 6, 2003) .............................................................................................................. 14

*Hauptmann v. Wilentz*, 570 F. Supp. 351 (D.N.J. 1983) ............................................... 7

*Hopkins v. First NLC Fin. Servs., LLC (In re Hopkins)*, 372 B.R. 734 (Bankr. E.D. Pa.
2007) ........................................................................................................................... 3

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994) ............................. 10

*Levitt v. Riddell Sports (In re MacGregor Sporting Goods, Inc.)*, 199 B.R. 502 (Bankr.
D.N.J. 1995) ............................................................................................................................... 13

*Lugo-Mender v. Equus Entm't Corp. (In re El Comandante Mgmt. Co.)*, 388 B.R. 469 (D.
Puerto Rico 2008) .................................................................................................................. 8, 18

*In re Manhattan Investment Fund Ltd.*, 310 B.R. 500 (Bankr. S.D.N.Y. 2002) ........................... 12

*Miller v. Greenwich Capital Financial Products, Inc. (In re Am. Bus. Fin. Servs., Inc.)*,
361 B.R. 747 (Bankr. D. Del. 2007) .......................................................................................... 16

*Miller v. McCown De Leeuw & Co. (In re The Brown Schools)*, 368  B.R. 394 (Bankr. D.
Del. 2007) ............................................................................................................................. 15, 16

*O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674 (2d Cir. 1991) ...................................... 11

*OCH Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corporation)*, 325 B.R.
696 (Bankr. D. Del. 2005) ......................................................................................................... 13

*Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502 (D.N.J. 2000) ............................................. 10

*In re Rockefeller Center Properties, Inc. Sec. Litig.*, 311 F.3d 198 (3d Cir. 2002) ....................... 8

*Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991) ...................................................................... 6

*Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.
1984) .......................................................................................................................... 11, 14, 17, 18

*Town of Secaucus  v. United States Dep't of Transp.*, 889 F. Supp. 779 (D.N.J. 1995) ................. 7

*U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908 (4th Cir. 2003) .......... 19

*U.S. v. Dow Chem. Co.*, 343 F.3d 325 (5th Cir. 2003) .................................................................. 8

*United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue
Shield of Georgia, Inc.*, 755 F. Supp. 1055 (S.D. Ga. 1990) ....................................................... 19

*In re Verestar, Inc.*, 343 B.R. 444 (Bankr. D.N.Y. 2006) ............................................................ 14

*In re Westinghouse Sec. Litig.*, 90 F.3d 696 (3d Cir. 1996) ............................................................ 8

**Statutes**

11 U.S.C. § 547 ......................................................................................................................... 18

11 U.S.C. § 548 ......................................................................................................................... 18

11 U.S.C. § 548(a)(1)    ......................................................................................................... 15

Fed. R. Civ. P. 9(b) ........................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 2, 3, 5, 6

Fed. R. Civ. P. 56.................................................................................................................. 3, 4

N.J.S.A. 25:2-25(b)................................................................................................................. 15

N.J.S.A. 25:2-27(a)................................................................................................................. 15

The Fifth Third Leasing Company ("Fifth Third"), by and through its undersigned counsel, respectfully submits this Reply in Further Support of the Lessor Defendants' Joint Motion to Dismiss the Fraudulent Transfer Counts of Certain Adversary Complaints of Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Reply"), and states as follows:

## I.    **PRELIMINARY STATEMENT**

On April 25, 2008, the Lessor Defendants[1] filed with the United States Bankruptcy Court for the District of New Jersey (the "Court") their Joint Motion to Dismiss the Fraudulent Transfer Counts of Certain Adversary Complaints of Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Joint Motion" or "Motion"). On July 21, 2008, the Trustee (also referred to herein as "Plaintiff") filed his Response to Defendants' Joint Motion to Dismiss the Fraudulent Transfer Counts of Certain Adversary Complaints of Charles A. Stanziale, Jr., Chapter 7 Trustee[2] (the "Response"). Thereafter, since filing the Response, the Trustee and certain Lessor Defendants (not including Fifth Third) have resolved various claims of the Trustee, as specifically set forth in the Adversary Complaints (the "Complaints"), against those Lessor Defendants. In accordance with the various settlements that have been reached with specific Lessor Defendants, the Trustee has dismissed several Complaints against those Lessor Defendants. Fifth Third was one of the Lessor Defendants that collectively filed the Joint Motion to Dismiss the Fraudulent Transfer Counts contained in the Adversary Complaint[3] filed by the Trustee against Fifth Third (the "Complaint"). The Trustee and Fifth Third have not

---

[1]    All capitalized terms used, but not otherwise defined herein, shall have the same meanings ascribed to them in the Joint Motion to Dismiss the Fraudulent Transfer Counts of Certain Adversary Complaints of Charles A. Stanziale, Jr. Chapter 7 Trustee (Docket Entry 543).

[2]    The Response is filed under Docket Entry 564.

[3]    The Complaint was filed by the Trustee on November 14, 2007, under Adversary Proceeding No. 07-2502, titled Charles A. Stanziale, in his capacity as Chapter 7 Trustee of Allserve Systems Corp. v. The Fifth Third Leasing Company, a/k/a Fifth Third Bank, a/k/a Fifth Third Bancorp, a/k/a Fifth Third Financial Corporation.

resolved the claims of the Trustee asserted against Fifth Third in the Complaint. As such, Fifth

Third submits this Reply in further support of the Joint Motion to Dismiss the Trustee's

Complaint against Fifth Third.[1]

As previously stated in the Joint Motion and as more specifically set forth herein,

Fifth Third submits that the Trustee's Fraudulent Transfer Counts and the Complaint should be

dismissed as a matter of law, by reason of the Trustee's failure to state a claim upon which relief

may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The Trustee has not complied with the

heightened pleading standard of Fed. R. Civ. P. 9(b) (also referred to herein as "Rule 9(b)"), as

the Fraudulent Transfer Counts pled in the Complaint are woefully deficient and devoid of any

facts to support the fraud allegations asserted against Fifth Third. Instead of pleading the

Fraudulent Transfer Counts with particularity, the Trustee has merely recited the statutory

elements upon which the Fraudulent Transfer Counts are based, referenced the dates and

amounts of the alleged Transfers, and made only general, conclusory allegations that, even under

a liberal interpretation and application of Fed. R. Civ. P. 9(b), fail as a matter of law.

Apparently, recognizing that he has not met the standards of Fed. R. Civ. P. 9(b) and 12(b)(6),

the Trustee attempts to remedy the pleading deficiencies of the Complaint by setting forth, in the

Response, a new "Ponzi" scheme theory behind the Fraudulent Transfer Counts. However, this

Court should reject the entirely new allegations, first raised by the Trustee in the Response, and

exclude such new allegations when considering the present Motion, as they were not specifically

part of the original pleadings contained in the Complaint. As a result of the Trustee's failure to

plead the Fraudulent Transfer Counts with any particularity and his failure to allege facts

---

[1]     The Trustee has asserted only fraudulent transfer counts in the Complaint against Fifth Third. Thus,
dismissal of the fraudulent transfer counts against Fifth Third would be tantamount to a dismissal of the Complaint.

sufficient to sustain the intentional and constructive fraud allegations against Fifth Third, the Complaint should be dismissed by this Court.

## II.    THE 12(b)(6) JOINT MOTION TO DISMISS SHOULD NOT BE CONVERTED TO A RULE 56 MOTION FOR SUMMARY JUDGMENT BECAUSE THE LEASE DOCUMENTS ARE REFERRED TO IN THE TRUSTEE'S COMPLAINTS AND FORM THE BASIS FOR THE TRUSTEE'S FRAUDULENT TRANSFER COUNTS

The Joint Motion should not be converted to a motion for summary judgment under Fed. R. Civ. P. 56 because the Lease Documents are specifically referred to in the Trustee's Complaints and also form the basis for the Fraudulent Transfer Counts. In the Joint Motion, the Lessor Defendants cited certain case law in support of their position that a defendant may attach to a Rule 12(b)(6) motion any documents referred to in the complaint to show that the documents do not support a plaintiff's claim, without triggering a conversion of the motion to a Rule 56 summary judgment motion. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). The Lessor Defendants also provided previously a legal basis upon which the Court could consider and refer to the Lease Documents, without making it a summary judgment motion, in deciding the Joint Motion, since such Lease Documents are referred to in the Trustee's Complaints and are central to the Plaintiff's fraudulent conveyance claims. *See 2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 448 (Bankr. D.N.J. 1998); *see also Hopkins v. First NLC Fin. Servs., LLC (In re Hopkins)*, 372 B.R. 734, 740 n.2 (Bankr. E.D. Pa. 2007) *(citations omitted)*. Recent decisions of the Third Circuit support further this Court's ability to consider the Lease Documents, as well as the Lease Agreements, in deciding the Motion, without converting the Motion to a motion for summary judgment, even though such documents were not attached to the Complaint. *See Angstadt v. Midd-West School Dist.*, 377 F. 3d 338, 342 (3d Cir. 2004) (a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one

for summary judgment); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited."). As such, based on legal authority and the holdings of the courts in this Circuit, the Lease Documents and Lease Agreements may be considered by this Court, without converting the Joint Motion into a motion for summary judgment.

Since the Fraudulent Transfer Counts set forth in the Trustee's Complaints are all based on or derive directly from the Lease Documents and Lease Agreements, it is not only appropriate for the Lessor Defendants to attach the Lease Documents to their Joint Motion, but necessary for the Court to consider such Lease Agreements and Lease Documents in deciding the Motion. The Trustee even acknowledges in the Response that the Lease Agreements provided the background and means for the Transfers allegedly received by the Defendants (Resp. 14). The Trustee further admits in the Response that the Complaints raise certain questions about the Lease Agreements. *Id.* Thus, even by the Trustee's own admissions and acknowledgments, it is evident that the Lease Agreements are central to the Trustee's efforts to seek avoidance of the Transfers and to assert the Fraudulent Transfer Counts of the Complaints. Since the Trustee's claims are inextricably tied to the Lease Agreements, there should be no question that the Court may consider the Lease Agreements as an integral part of the pleadings in deciding the Motion. Accordingly, the Joint Motion should not be converted to a motion for summary judgment under Fed. R. Civ. P. 56.

### III.    PONZI SCHEME

A.    **The Complaint Should Be Dismissed Because The Trustee Did Not Assert Any Ponzi Scheme Allegations In The Complaint Against Fifth Third**

The Complaint should be dismissed because the Trustee did not assert any Ponzi scheme allegations against Fifth Third. Based on the Response, it is now apparent that the Trustee's intentional fraudulent transfer claims against Fifth Third are premised upon the allegation that the Debtor operated a Ponzi scheme and that the alleged Transfers made by the Debtor in furtherance of such Ponzi scheme are presumed to be fraudulent. ("The Debtor operated a Ponzi scheme and, as such, the Transfers are presumed to have been made with fraudulent intent."); ("It is again worth noting than any transfers made in furtherance of a Ponzi scheme are presumed to be fraudulent.") (Resp. 9, 12). While Fifth Third certainly disputes the existence of the Debtor's Ponzi scheme, by this Reply, Fifth Third is not seeking to contest whether all of the requisite elements of a Ponzi scheme were present. Instead, Fifth Third submits that if the main basis or thrust of the Trustee's intentional fraudulent transfer claims is dependent or contingent upon the existence of the Debtor's Ponzi scheme, at a minimum, the Trustee should have pled his Ponzi scheme theory in the Complaint; he did not do so, yet now wants the Court to accept an entirely new set of facts, first alleged in the Response. Consistent with the holdings of the courts in this Circuit, with respect to Fifth Third's 12(b)(6) Motion, this Court must consider only the facts alleged in the Complaint and not those allegations first averred in the Trustee's Response. For this reason, the Trustee has failed to state a cause of action for intentional fraudulent transfer and the Complaint against Fifth Third should be dismissed as a matter of law.

Even if all of the allegations in the Complaint are accepted as true, the Trustee has still failed to sustain intentional fraudulent transfer claims against Fifth Third. In the Response,

the Trustee states that, "[a] Motion under Rule 12(b)(6) addresses the allegations in a complaint and not undisputed facts because at the time of a 12(b)(6) motion there are generally not undisputed facts. (Resp. 10). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the allegations set forth in the complaint must be accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *See Cruz v. Beto*, 405 U.S. 319, 322, 31 L.Ed. 2d 263, 92 S. Ct. 1079 (1972); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991). Under these standards, the intentional fraudulent transfer counts of the Complaint must be dismissed since there are no allegations in the Complaint concerning the existence of the Debtor's Ponzi scheme. Based on his averments in the Response, the Trustee's justification for avoiding certain of the Transfers as fraudulent is that such Transfers were made in furtherance of a Ponzi scheme. As such, in order to sustain the Trustee's allegations, he must have first pled his Ponzi scheme theory in the Complaint, as well as his contention that all Transfers resulting from such Ponzi scheme are fraudulent. Since the Trustee has failed to plead his Ponzi scheme theory in the Complaint, even if all of the allegations set forth in the Complaint are accepted as true and all reasonable inferences are drawn in the Trustee's favor, it would be impossible for this Court to conclude that the Debtor operated a Ponzi scheme, that the Transfers resulted from a Ponzi scheme and that such Transfers are thereby fraudulent. Accordingly, the Trustee has failed to state a claim for intentional fraudulent transfer against Fifth Third, and such counts of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## B.   The Trustee Has Failed To Raise Or Plead A Ponzi Scheme Theory In Any Of The Complaints

The Trustee has failed to raise or plead a "Ponzi" scheme theory in any one of the twenty-one (21) Complaints filed against the Lessor Defendants, including the Complaint against Fifth Third. In fact, the Trustee never even mentioned the word "Ponzi" once in any of the Complaints. The Trustee asserts for the very first time in the Response that the Debtor was

-6-

operating a Ponzi scheme. (Resp. 5). Even more remarkably, the Trustee first sets forth the underlying basis for his Fraudulent Transfer Counts of the Complaint and the factual context supporting his allegations against Fifth Third on page 9 of the Response, where he states, "[t]he Debtor operated a Ponzi scheme and, as such, the Transfers are presumed to have been made with fraudulent intent." (Resp. 9). Considering that the thrust of the Trustee's intentional Fraudulent Transfer Counts depends entirely upon establishing his theory that the Debtor had operated a Ponzi scheme, one would expect that the Trustee would, at the very least, mention the word "Ponzi" in one of the Complaints. For this and other reasons set forth herein and in the Motion, the Trustee has failed to adequately plead the fraudulent transfer allegations against Fifth Third, and consequently, has failed to state a claim upon which relief can be granted.

**C.    The Trustee Cannot Introduce His Ponzi Scheme
Theory For The First Time In The Response**

The Court should not consider the Trustee's Ponzi scheme theory in support of his Fraudulent Transfer Counts against Fifth Third, since no Ponzi scheme has been alleged or pled in the Complaint. Courts in the Third Circuit have held that, "[o]n a 12(b)(6) motion, the district court is limited to the facts alleged in the complaint, not those raised for the first time by counsel in its legal memorandum." *Town of Secaucus v. United States Dep't of Transp.*, 889 F.Supp. 779, 791 (D.N.J. 1995); *Hauptmann v. Wilentz*, 570 F.Supp. 351, 364 (D.N.J. 1983) *(citations omitted)* ("On a 12(b)(6) motion, the district court is to limit its consideration to the facts alleged in the complaint."). Courts are not at liberty to consider allegations which do not appear in the complaint, but which are averred for the first time only in legal briefs. *Town of Secaucus*, 889 F.Supp. at 791 *(quoting Seevers v. Arkenberg*, 726 F.Supp. 1159, 1165 (S.D. Ind. 1989)). Since the Trustee has never alleged or pled his Ponzi scheme theory in the Complaint, and has raised it for the first time in the Response, the Court should not consider the Trustee's new factual allegations in connection with the Fraudulent Transfer Counts asserted against Fifth Third.

Respectfully, the Court may only consider allegations that appear in the Complaint, not those that are averred by the Trustee in the Response. As the Trustee has not alleged that the Debtor operated a Ponzi scheme in the Complaint, the Court cannot and should not consider any of the Trustee's factual allegations relating to the Debtor's operation of a Ponzi scheme in connection with the Fraudulent Transfer Counts of the Complaint.

## IV.    FAILURE TO PLEAD FRAUD WITH PARTICULARITY

### A.    The Trustee Has Failed To Plead Intentional And Constructive Fraud With Particularity

The Trustee has failed to comply with Fed. R. Civ. P. 9(b) because he did not plead with particularity the Fraudulent Transfer Counts of the Complaint against Fifth Third. Fed. R. Civ. P. 9(b), made applicable to the Complaint by Fed. R. Bankr. P. 7009, requires the Trustee, in all allegations of fraud, to state the circumstances constituting the fraud with *particularity. See Lugo-Mender v. Equus Entm't Corp. (In re El Comandante Mgmt. Co.)*, 388 B.R. 469, 472 (D. Puerto Rico 2008) (citing Fed. R. Civ. P. 9(b); *U.S. v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003); *In re Circle Y*, 354 B.R. 349, 356 (Bankr. D. Del. 2006)) (*emphasis added*). It is well established that Fed. R. Civ. P. 9(b) requires, at a minimum, that plaintiffs support their allegations of fraud with essential factual background – that is, the who, what, when, where and how of the events at issue. *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1422). While Rule 9(b) does not require every material detail of the fraud, plaintiffs must inject precision and some measure of substantiation into their allegations of fraud. *See Cal. Pub. Employees' Retirement Sys. v. CHUBB Corp.*, 394 F.3d 126, 144 (3d Cir. 2004) (*quoting In re Rockefeller*, 311 F.3d at 216). The Third Circuit has ruled that each statement at issue must be analyzed in order to assess whether each alleged misrepresentation is pleaded with the requisite specificity. *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 712 (3d Cir. 1996). Upon analyzing the

statements in the Complaint that comprise the Fraudulent Transfer Counts, it is apparent that the
Trustee's allegations of intentional and constructive fraud fall well below the "who, what, when,
where and how" elements necessary to establish fraud under Fed. R. Civ. P. 9(b). Therefore,
since the Trustee has not substantiated the factual allegations of the Fraudulent Transfer Counts
with the requisite specificity, the Complaint against Fifth Third should be dismissed by this
Court.

It is the specific requirement of the Federal Rules of Civil Procedure, not some
arbitrary standard adopted by Fifth Third as a mantra, as suggested by the Trustee, that requires
the Trustee to plead the Fraudulent Transfer Counts with particularity. (Resp. 8). The Trustee
attempts to deflect attention from his inadequately and deficiently pled Fraudulent Transfer
Counts by focusing on the "technical defects" of the Complaints raised by Fifth Third and the
Lessor Defendants. *Id.* However, the "technical defects" of the Complaints, in fact, represent
material failures of the Trustee to comply with the Federal Rules of Civil Procedure by pleading
the Fraudulent Transfer Counts in compliance with Fed. R. Civ. P. 9(b). While the Trustee may
believe that the Lessor Defendants are nitpicking at details and minor technicalities, Fifth Third
submits that such details and technicalities are the foundation for the particularity standard
required by Fed. R. Civ. P. 9(b) for pleading the Fraudulent Transfer Counts. (Resp. 7-8). Thus,
the reason Fifth Third and the Lessor Defendants have focused much of their attention on the
Rule 9(b) pleading standard and adopted "particularity" as a "mantra" in the Joint Motion is due
to the woefully deficient factual recitation in the Complaint, and the Trustee's repeated failures to
plead the Fraudulent Transfers Counts with any particularity.

Recognizing that the "bare bones" Complaint fails to comply with the heightened
pleading standard required by Fed. R. Civ. P. 9(b), the Trustee improperly attempts to amend the
inadequately pled Fraudulent Transfer Counts by alleging entirely new facts in the Response that

were never raised in the Complaint. The Trustee even suggests that he need not plead the circumstances forming the bases for the Fraudulent Transfer Counts since Fifth Third was aware of the Debtor's fraud, which was well publicized. (Resp. 5, 14, 18). However, regardless of the existence or non-existence of any publication concerning the Debtor's fraud and the extent of Fifth Third's awareness, or more appropriately, lack of awareness, of the Debtor's fraud, the Trustee is still not excused from complying with Fed. R. Civ. P. 9(b) by pleading the circumstances constituting the Fraudulent Transfer Counts with particularity. Allowing the Trustee to justify his deficient fraud allegations by suggesting Fifth Third was aware of the fraud, or allowing the Trustee to plead new facts in the Response that were not pled in the Complaint, would be tantamount to this Court approving the Trustee's blatant deviation from the explicit mandate of Fed. R. Civ. P. 9(b). It would create a very dangerous slippery slope, whereby plaintiffs could attempt to skirt the relevant pleading standards set forth in the Federal Rules merely because a defendant may have knowledge of the nature of the deficiently pled allegations.

When determining a motion to dismiss under the Federal Rules of Civil Procedure, Courts in this Circuit limit their consideration to facts on the face of the complaint, documents appended to the complaint or documents incorporated in the complaint by reference. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994) (court looks at complaint and it attachments, and nothing more); *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000) (court may consider only complaint and exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents). The Trustee provides no factual context or support for his Ponzi scheme allegations or the Fraudulent Transfer Counts, within the four corners of the Complaint. In an attempt to rectify this pleading deficiency, the Trustee sets forth, in over five

plus pages of the Response, a detailed elaboration of the *factual context* under which the Complaint was filed and upon which the Fraudulent Transfer Counts are based. (Resp. 5-10). The Trustee concludes his factual prelude in the Response by declaring that, "[t]he Debtor operated a Ponzi scheme and, as such, the Transfers are presumed to have been made with fraudulent intent. The Trustee meets, therefore, the required specificity." (Resp. 9). While the Trustee's elaboration of the circumstances surrounding the Debtor's Ponzi scheme enterprise in the Response may meet the particularity standard of Fed. R. Civ. P. 9(b), this discussion occurs only in the Response and not within the four corners of the Complaint, or in any documents appended to or incorporated by reference in the Complaint. As such, upon consideration of the new allegations contained in the Response, in comparison to the inadequately pled allegations set forth in the Complaint, it is quite apparent that the Complaint is so devoid of any factual information to support the Fraudulent Transfer Counts that the Trustee has not come close to satisfying the particularity requirement of Fed. R. Civ. P. 9(b).

Moreover, any suggestion that Fifth Third's awareness of the Debtor's fraudulent business operations relieves the Trustee from the heightened pleading standard of Fed. R. Civ. P. 9(b) is simply untrue and unsupported by the rulings of the courts in this Circuit. *See Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) ("Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged ..."); *See also, O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (the purpose of Rule 9(b) is designed to provide a defendant with fair notice of a plaintiff's claim). The Complaint does not provide Fifth Third with the requisite notice of the circumstances of the Debtor's fraud and does not even state that Fifth Third was aware or should have been aware of such circumstances. Instead, it is only in the Response that Fifth Third is first informed of the

Trustee's posture.    Accordingly, having failed to provide notice to Fifth Third of the circumstances of the alleged fraud and having failed to satisfy the particularity standard of Fed. R. Civ. P. 9(b), the Trustee's Fraudulent Transfer Counts should be dismissed by this Court as a matter of law.

### 1.    The Trustee Has Failed To Allege Any Facts In The Complaint Sufficient To Support A Claim For Intentional Fraud

The allegations of intentional fraud in the Complaint against Fifth Third must be dismissed as the Trustee fails to make even a single reference to a Ponzi scheme. Even under the Trustee's own analysis of the Supreme Court's stated position in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it would be impossible for this Court to conclude that the Trustee has adequately pled fraudulent intent on the part of the transferor, the Debtor. The Trustee states:

> The Third Circuit explained: "the Twombly formulation of the pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

(Resp. 11).    It is obvious from the Response that the Trustee bases his intentional fraud allegations against Fifth Third on the Debtor's presumed operation of a Ponzi scheme. (Resp. 16-18).

The Trustee cites several cases that find a debtor's intent to hinder, delay or defraud is presumed to be established in a Ponzi scheme, such that transfers made from that debtor are inherently fraudulent. *See Drenis v. Haligiannis*, 452 F.Supp. 2d 418 (S.D.N.Y. 2006); *In re Manhattan Investment Fund Ltd.*, 310 B.R. 500 (Bankr. S.D.N.Y. 2002); *In re Canyon Systems Corp.*, 343 B.R. 615 (Bankr. S.D. Ohio 2006). If the Trustee's theory behind his intentional fraud allegations is that the Transfers are presumed to have been made with

-12-

fraudulent intent because the Debtor operated a Ponzi scheme, one would expect the Trustee to, at the very least, plead in the Complaint that Allserve Systems Corporation ran a Ponzi scheme. However, the Trustee not only fails to allege in the Complaint that the Debtor operated a Ponzi scheme, he fails to even mention the word "Ponzi" once in any of the Complaints filed against the Lessor Defendants. As such, Fifth Third was not provided with fair notice of the Trustee's intentional fraud claims or the precise misconduct with which it was being charged. By reason of the Trustee's inadequate fraud allegations, Fifth Third could not have known that the Fraudulent Transfer Counts represent the Trustee's efforts to recover funds generated from the Debtor's alleged Ponzi scheme. Therefore, having failed to make a single allegation in the Complaint concerning the Debtor's Ponzi scheme enterprise or provide any background as to the Transfers, the Trustee has not fulfilled the requirements of Fed. R. Civ. P. 9(b).

## 2.     The Trustee Has Failed To Allege Any Facts In The Complaint Sufficient To Support A Claim For Constructive Fraud

Similarly, the Trustee's allegations of constructive fraud in the Complaint against Fifth Third must also be dismissed as the Plaintiff has again failed to comply with Rule 9(b)'s requirement of pleading the constructive fraud counts with specificity. The Third Circuit's position on this issue is unequivocal, "[t]here is no question that *Rule 9(b) applies to adversary proceedings in bankruptcy* which include a claim for relief under §§ 544 or 548, whether it is *based upon* actual or *constructive fraud.*" *OCH Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corporation)*, 325 B.R. 696, 698 (Bankr. D. Del. 2005) (*emphasis added*). *See also Levitt v. Riddell Sports (In re MacGregor Sporting Goods, Inc.)*, 199 B.R. 502 (Bankr. D. N.J. 1995) (applying Rule 9(b) to fraudulent conveyance claim under § 548); *Forman v. Jeffrey Matthews Fin. Group, LLC (In re Halpert & Co., Inc.)*, 254 B.R. 104 (Bankr. D. N.J. 1999) (holding Rule 9(b) is applicable to bankruptcy claim brought under § 548(a)); and *Bucci v. Wachovia Bank, N.A.*, 2008 U.S. Dist. LEXIS 104346, *16 (E.D. Pa. 2008) (applying Rule 9(b)

-13-

to allegations of constructive fraud). Since the Trustee has not pled the constructive fraud allegations against Fifth Third with any particularly, dismissal of these allegations in the Complaint is warranted and appropriate. *Hand v. Centex Home Equity*, 2003 U.S. Dist. LEXIS 16151 (E.D. Pa. 2003) (dismissing constructive fraud claim for failure to meet Rule 9(b) heightened pleading requirement).

The cases cited by the Trustee in support of his belief that Fed. R. Civ. P. 9(b) does not apply to claims of constructive fraud are inapposite and distinguishable. In the Response, Plaintiff cites *In re Verestar, Inc.*, 343 B.R. 444, 460 (Bankr. D.N.Y. 2006) and *In re Air Cargo*, 2008 WL 352619, 10 (Bankr. D. Md. 2008) to support his contention that the heightened pleading requirements of Rule 9(b) do not apply to claims of constructive fraudulent conveyance under § 548(a)(1)(B) and applicable State law. However, *In re Verestar* is a Second Circuit case that is not controlling in the Third Circuit, is inapplicable to the instant Complaint against Fifth Third, and does not form a basis to defeat the Joint Motion. *In re Air Cargo* is a Fourth Circuit case that addressed this issue for the first time and acknowledged that there is a split in the circuits on the applicability of Rule 9(b) to claims of constructive fraud. Thus, notwithstanding any splits in the circuits and contrary to the Trustee's belief and position, the Third Circuit holds that the heightened pleading requirements of Fed. R. Civ. P. 9(b) do apply to claims of constructive fraudulent conveyance brought under § 548(a)(1)(B) of the Bankruptcy Code.

One of the purposes of Fed. R. Civ. P. 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged." *Seville*, 742 F.2d at 791. Here, the Trustee's Complaint fails to set forth enough facts, with sufficient particularity, to fairly apprise Fifth Third of the charges made against it, and to allow Fifth Third to prepare an adequate answer. *In re AstroPower Liquidating Trust*, 335 B.R. 309, 333-334 (Bankr. D. Del. 2005)

(holding complaint sufficiently plead because "the allegations specified in detail the date of the transfer, the amount of the consideration received, the alleged value of the stock on the date of the transfer and the Debtor's financial condition at the time it made the transfer ... [The counts also] incorporated by reference" all of the extensive background allegations in the complaint). For instance, the Trustee fails to plead any facts in the Complaint as to how the alleged Transfers were made for less than reasonably equivalent value and why the Debtor had reasonable cause to believe such Transfers would render the Debtor insolvent for the constructive fraudulent conveyance counts. Similarly, the Trustee also fails to state any facts in the Complaint concerning the specific business or transaction the Debtor was engaged in, or was about to engage in, for which any property remaining with the Debtor was an unreasonably small capital, or how the debts the Debtor intended to incur, or believed it would incur, would be beyond the Debtor's ability to pay as such debts matured, at the time of the Transfers. As such, it is apparent that the Trustee has failed to set forth his constructive fraud allegations with essential factual background as mandated by the courts in this Circuit, such that he has failed to plead these fraudulent conveyance counts against Fifth Third with the requisite specificity required by Fed. R. Civ. P. 9(b). By merely parroting the statutory language of § 548(a)(1)(B) of the Bankruptcy Code, N.J.S.A. 25:2-25(b) and N.J.S.A. 25:2-27(a), referencing the dates and amounts of the alleged Transfers, and making general, conclusory allegations, the Trustee has not satisfied the requirements of Rule 9(b). *Miller v. McCown De Leeuw & Co.* (*In re The Brown Schools*), 368 B.R. 394, 399 (Bankr. D. Del. 2007). Thus, having failed to provide Fifth Third with fair and adequate notice of the fraud charges, the Trustee's general and conclusory allegations constituting the constructive fraud counts of the Complaint must be dismissed as a matter of law.

**B.     Even Under A Liberal Pleading Standard, The Trustee Has Still
Failed To Plead The Fraudulent Transfer Counts With Particularity**

The Trustee has still failed to satisfy the Rule 9(b) requirement of pleading the

Fraudulent Transfer Counts with particularity, even under the liberal pleading standard afforded

trustees in bankruptcy cases. While Fed. R. Civ. P. 9(b) is more liberally applied when a trustee

is pleading fraud, it does not mean a trustee is completely excused from pleading the fraud

allegations with any particularity. A trustee must still allege sufficient facts to support the fraud

claims in a complaint, although the specificity with which they must be pled is less in

comparison to a non-trustee plaintiff pleading fraud. Here, the Trustee has not even pled the

details of the alleged fraud with minimal particularity. Instead, the Trustee relies upon general,

conclusory allegations of fraud that parrot the statutory language, which do not satisfy Rule 9(b),

even for chapter 7 trustees. *In re Circle Y,* 354 B.R. at 356 (dismissing fraudulent transfers

claims because the chapter 7 "Trustee recites general, conclusory allegations that almost

completely parrot the statutory language"). Similarly, mere recitations of the statutory language

and conclusory allegations by bankruptcy trustees with nothing more than references to dates and

amounts of alleged transfers do not satisfy the standards of Fed. R. Civ. P. 9(b). *Miller v.

Greenwich Capital Financial Products, Inc. (In re Am. Bus. Fin. Servs., Inc.),* 361 B.R. 747, 759

(Bankr. D. Del. 2007); *Miller v. McCown De Leeuw & Co. (In re The Brown Schools),* 368 B.R.

394, 403-404 (Bankr. D. Del. 2007). Since the Trustee's Fraudulent Transfer Counts consist of

nothing more than a repeat of the fraud statutes that they are based upon, and conclusory

allegations, even under a liberal interpretation and application of Fed. R. Civ. P. 9(b), the

Trustee's claims must still be dismissed. The Fraudulent Transfer Counts in the Complaint

contain *no* particularity as to the facts comprising the claims, except for the dates and amounts of

the alleged Transfers.

The Trustee contends that he has met the more liberal pleading standard of Rule 9(b) as it applies to bankruptcy trustees. However, the cases cited to by the Trustee in support of his position are inapposite. In *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, the plaintiff brought a civil complaint under the RICO statute against defendant machinery corporations, alleging fraud in connection with various machinery agreements. *Seville*, 742 F.2d at 791. In that case, the Third Circuit did not completely do away with the particularity pleading requirement of Rule 9(b) as Plaintiff would argue. Rather, the Third Circuit simply stated that plaintiffs are "free to use alternative means of injecting *precision* and *some measure of substantiation* into their allegations of fraud." *Id.* (*emphasis added*). In *Seville*, the Third Circuit held that the plaintiff adequately alleged the circumstances of the fraudulent acts because the plaintiff,

> [A]dequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with *great specificity* the pieces of machinery that were the subject of the alleged fraud. Moreover, Seville divided this list into five 'exhibits' and identified which pieces of equipment were the subject of which alleged fraudulent transaction. The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation.

*Id.* (*emphasis added*). Here, the Trustee has fallen far short of his burden to inject precision and substantiation into the Complaint, regardless of how flexible the Court's interpretation of Rule 9(b) is. Plaintiff's argument that "Defendants are well [aware] [sic] of Debtor's fraud – it was well publicized," is insufficient to put Fifth Third on notice of the "precise misconduct with which [it is] charged." *Id.* (*emphasis added*). Even as a chapter 7 trustee, Plaintiff is not exempt from complying with Fed. R. Civ. P. 9(b) simply because the Debtor's fraud may have been publicized. Moreover, Plaintiff's misguided presumptions that Fifth Third knew the intimate details of the Debtor's fraud and how it specifically applied to Fifth Third, as opposed to the

many other Lessor Defendants, are hardly the injection of precision and substantiation into the Complaint that the Third Circuit contemplated in *Seville*.

Plaintiff also cites to *El Comandante Mgmt. Co., LLC v. Equus Entertainment Corp. (In re El Comandante Mgmt. Co., LLC)*, in support of a relaxed pleading standard for a trustee, but that case makes clear that "[i]t is well settled law that Rule 9(b) applies to section 548 claims" and the particularity requirement "is satisfied if the fraudulent transfer claim details the transfers alleged to be fraudulent, the reasons the transfers are fraudulent, and the roles of the defendants in the transfers." *El Comandante*, 388 B.R. at 472-73 (*citations omitted*).   In *El Comandante*, the defendants had adequate notice of the precise misconduct with which they were charged because the complaint provided exact dates, precise dollar amounts, check numbers, explanations of who received the transfers and the relationship between the parties. *Id.* at 473. The *El Comandante* court also cites the proposition that "[t]o plead fraud, the Trustee cannot merely recite the statutory elements." *Id.* at 472 *citing In re Circle Y*, 354 B.R. at 356. Here, except for providing the dates and amounts of the alleged Transfers and making general, conclusory allegations, the Plaintiff has done precisely that – merely recited the statutory elements of fraudulent transfer claims under 11 U.S.C. §§ 547 and 548. The Complaint does not detail the Transfers, contain reasons why they are alleged to be fraudulent, or make any attempt to discuss Fifth Third's individual role in connection with the Transfers. Thus, even for a chapter 7 trustee, Plaintiff's Fraudulent Transfer Counts were insufficiently plead under Fed. R. Civ. P. 9(b) and must be dismissed.

Finally, Plaintiff argues that the Trustee does not have to plead the Fraudulent Transfer Counts with more particularity than the dates and amounts of the Transfers because "primary reliance should be placed on the discovery process for uncovering factual details" of the fraud. This statement goes squarely against one of the primary purposes of Rule 9(b), which

is to "eliminate fraud actions in which all the facts are learned after discovery." *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003) (*quoting United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F. Supp. 1055, 1056-57 (S.D. Ga. 1990)). "Although liberal, pleading requirements of the Federal Rules are not intended to reduce a defendant to guesswork and conjecture." *In re APF Co.*, 274 B.R. 634, 639-40 (Bankr. D. Del. 2001). Thus, the Fraudulent Transfer Counts must be dismissed because Plaintiff has not provided enough facts for Fifth Third to formulate a defense, let alone give it precise notice of the conduct of which the Trustee complains. *See U.S. ex. rel. Harrison,* 352 F.3d at 921; *see also Birnberg v. Rancho La Costa, Inc. (In re Reach McClinton & Co., Inc.)*, 62 B.R. 978, 981 (Bankr. D. N.J. 1986) (holding the ultimate question for sufficiency of bankruptcy trustee's pleading under Rule 9(b) is whether "the allegations [are] sufficient to allow the defendant to frame a responsive pleading").

## V. CONCLUSION

For all of the foregoing reasons, and the reasons previously set forth in the Joint Motion, Fifth Third respectfully requests that the Court grant the Joint Motion and dismiss with prejudice the Fraudulent Transfer Counts and the Complaint.

*/s/ Conrad K. Chiu*
Conrad K. Chiu, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036-7311
Telephone:   (212) 297-5811
Facsimile:   (212) 916-2940
Email:   cchiu@daypitney.com

– and –

(Mail to) P.O. Box 1945
Morristown, NJ 07962-1945
(Delivery to) 200 Campus Drive
Florham Park, NJ 07932-0950
Telephone:    (973) 966-6300
Facsimile:    (973) 966-1015

Attorneys for The Fifth Third Leasing Company